# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
### ATHENS DIVISION

**UNITED STATES OF AMERICA**

        **VS.**

**ALAP PATEL**

DOCKET NO. *3:11-CR-16(CAR)*

Filed at *10:32 AM*
*3-2*, 20*11*

DEPUTY CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA

## PLEA AGREEMENT

It is agreed by the United States of America, by and through its undersigned attorney, and ALAP PATEL, hereinafter referred to as "Defendant," and defendant's undersigned attorney, as follows:

### (1)

Defendant acknowledges that defendant has reviewed and discussed the information against defendant in this matter with defendant's attorney and defendant's attorney has explained to defendant his understanding of the government's evidence.

### (2)

The defendant understands that defendant is not required to plead guilty, and that defendant has the right to plead not guilty and to elect instead to be tried by jury. The defendant understands that at a jury trial, defendant would enjoy a presumption of innocence, and that the government would have the burden of proving defendant's guilt beyond a reasonable doubt. The defendant understands that defendant would be entitled to the services of a lawyer at all stages of such a trial. The defendant understands that

defendant would be entitled to confront and to cross-examine the government's proof, and to present witnesses and evidence in defendant's own behalf. The defendant understands that defendant would have the right to testify in defendant's own behalf, but that defendant could not be compelled to do so. Defendant has discussed these rights with defendant's attorney. Defendant is satisfied with the services of defendant's lawyer. Defendant knowingly and voluntarily waives defendant's right to plead not guilty and to proceed to trial.

The United States Attorney and the Defendant understand and agree that the Court should consider its sentence in light of the advisory Federal Sentencing Guidelines, as explained in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005). Defendant knowingly and voluntarily waives any further objections that Defendant may have based on Booker, Apprendi v. New Jersey, 530 U.S. 466 (2000), and their progeny. So the Defendant agrees that at sentencing the Court may determine any pertinent fact by a preponderance of the evidence and the Court may consider any reliable information, including hearsay. The Defendant expressly waives any claim of right to an indictment, trial by jury, and/or proof beyond a reasonable doubt on any factual determinations that pertain to sentencing in this case.

(3)

Defendant being fully cognizant of defendant's rights, and in exchange for the considerations to be made by the United States as set forth in paragraph (4) below, agrees pursuant to Rule 11(c), Federal Rules of Criminal Procedure, as follows:

(A)    The defendant is guilty and will knowingly and voluntarily enter a plea of guilty to Count One of the information which charges defendant with Gambling, in violation of Title 18, United States Code, Section 1955 and Title 18, United States Code, Section 2.

(B)    That defendant fully understands that defendant's plea of guilty as set forth in Subparagraph (A), above, will subject defendant to a maximum sentence of five (5) years imprisonment, a maximum fine of $250,000.00, or both, and a term of supervised release of three (3) years.  Defendant further acknowledges that the Court is required to impose a mandatory assessment of $100.00.

(C)    The defendant acknowledges and understands that the Court is not bound by any estimate of the advisory sentencing range that defendant may have received from defendant's counsel, the government, or the Probation Office.  The defendant further acknowledges and agrees that defendant will not be allowed to withdraw defendant's plea because defendant has received an estimated guideline range from the government, defendant's counsel, or the Probation Office which is different from the advisory guideline range computed by the Probation Office in the Presentence Report and found by the Court to be the correct advisory guideline range.

(D)    The defendant understands fully and has discussed with defendant's attorney that the Court will not be able to consider or determine an advisory guideline sentencing range until after a pre-sentence investigative report has been completed.  The defendant understands and has discussed with defendant's attorney that the defendant will have the opportunity to review the pre-sentence investigative report and challenge any facts reported therein. The defendant understands and has discussed with defendant's attorney

3

that any objections or challenges by the defendant or defendant's attorney to the Pre-Sentence Report, the Court's evaluation and rulings on that Report, or the Court's sentence, will not be grounds for withdrawal of the plea of guilty.

(E)     Defendant understands and has discussed with defendant's attorney that after the Court considers the advisory guideline range for this case, the Court will have the discretion to impose a sentence that is more severe or less severe than the advisory guideline range.

(F)     Defendant agrees to provide a check for the mandatory assessment at the time of sentencing.

(G)     Defendant understands, and has fully discussed with defendant's attorney, that the Court shall order total restitution in this case pursuant to 18 U.S.C. § 3663A and that defendant agrees to pay the restitution ordered by the Court whether to an identifiable victim or the community.

(H)     The defendant understands that ordinarily Title 18, United States Code, Section 3742, will in certain cases allow for a direct appeal after sentencing followed by the Court of Appeals' limited review of a defendant's sentence.  But once this agreement is accepted and sentence is imposed by the District Court, defendant by this agreement forever waives any right to an appeal or any other court review of defendant's sentence, and the defendant's waiver includes any collateral attack on the District Court's sentence. However, in the event that the District Court imposes a sentence that exceeds the advisory guideline range as determined by the District Court, then the defendant shall retain the

4

right to pursue a timely appeal of the sentence directly to the Court of Appeals after the District Court imposes its sentence.

The defendant and the United States Attorney agree that nothing in this plea agreement shall affect the government's opportunity to appeal as set forth in Title 18, United States Code, Section 3742(b). If, however, the United States Attorney notices an appeal of the defendant's sentence, then the defendant shall have the right to cross-appeal from the sentence.

(I)    The defendant and the government stipulate and agree that there was no detected or identified biological evidence obtained during the investigation and prosecution of the matter which is subject to DNA testing. The defendant further agrees that all evidence obtained in this investigation and prosecution may be destroyed or returned to its rightful owner.

(J)    Defendant agrees to provide complete, candid, and truthful statements to law enforcement officers regarding defendant's involvement and the involvement of all others involved in the charges alleged in the present information as well as any and all criminal violations about which the defendant has knowledge or information and that such information provided will be pursuant to and covered by this agreement. The defendant further agrees to provide complete, candid, and truthful testimony regarding such matters in any proceeding. The defendant understands that this agreement does not require the defendant to implicate any particular individual or individuals or to "make a case," rather it requires the defendant to be truthful and to testify truthfully whenever called upon.



The United States of America and defendant hereby agree that any breach of this agreement by the defendant occasioned by a failure to cooperate, by withholding information, giving of false information, perjury, or failure to testify in any judicial proceeding in connection with the individuals, matters, and transactions referred to in the indictment, would: (a) not relieve the defendant of defendant's plea of guilty; (b) permit the government to reinstate and proceed with prosecution on any other charges arising from the matters referred to in this Information; (c) permit the government to instigate and proceed with the prosecution of any other offenses arising from a breach of this agreement, including perjury, false declaration, false statement, and/or obstruction of justice; and (d) permit the government to utilize against the defendant in any subsequent judicial proceeding any and all statements made by the defendant.  If a legitimate issue arises as to whether or not there has been a breach of this agreement, said question shall be determined by the United States District Court for the Middle District of Georgia.  The burden of establishing such a breach shall be upon the United States and shall be established by a preponderance of the evidence. The Federal Rules of Evidence shall not apply in any hearing to establish such a breach, but evidence shall be admitted and excluded at the Court's discretion.

(K)     The defendant understands this agreement does not bind the Internal Revenue Service or affect its authority to collect taxes.  The defendant also specifically agrees that he has additional taxes due and owing to the Internal Revenue Service, for calendar years 2008 through 2010.

6

Defendant waives all rights to Grand Jury information regarding this criminal case.
Further the defendant agrees and understands that said information will be provided to the
Examination and Collection Divisions of the Internal Revenue Service.

Further, Defendant will do the following:

    a.    Cooperate with the Examination and Collection Divisions of the Internal Revenue Service;

    b.    Provide to the Examination Division all financial information necessary to determine Defendant's prior tax liabilities;

    c.    Provide to the Collection Division all financial information necessary to determine the defendant's ability to pay;

    d.    File accurate and complete tax returns for those years for which returns were not filed or for which inaccurate returns were filed; and

    e.    Make a good faith effort to pay all delinquent and/or additional taxes, interest and penalties.

    f.    The defendant agrees not to transfer, or authorize the transfer of any other asset in which he had an interest without prior express written consent of the U.S. Attorney, except for:

        1.    Assets subject to superior, secured interests of innocent third parties, in which the defendant has an equity interest of less than $10,000;

        2.    Ordinary living expenses necessary to house, clothe, transport and feed the defendant and those to whom he owes a legal duty of support; and

        3.    Attorney's fees incurred in connection with this criminal case.

By entering into this Agreement, the U.S. Attorney does not compromise any civil
liability, including but not limited to any tax liability, which the defendant may have incurred
or may incur as a result of his conduct and his plea of guilty to the charge specified in this

Agreement. The defendant agrees to cooperate with employees of the IRS, the Civil Division of the U.S. Attorney's Office, and law enforcement agents working with attorneys in the Civil Division of the U.S. Attorney's Office, in making an assessment of his civil liabilities.

(4)

In exchange for the consideration set forth in Paragraph (3) above, the United States Attorney for the Middle District of Georgia agrees as follows:

(A)    That he will accept the plea of guilty by defendant as provided in Paragraph (3)(A), above, in full satisfaction of all possible federal criminal charges, known to the United States Attorney at the time of defendant's guilty plea, which might have been brought solely in this district against the defendant.

(B)    That he further agrees, if the defendant cooperates truthfully and completely with the government, including being debriefed and providing truthful testimony, at any proceeding resulting from or related to defendant's cooperation, to make the extent of the defendant's cooperation known to the sentencing court. If the defendant is not completely truthful and candid in his cooperation with the Government, the defendant may be subject to prosecution for perjury, false statements, obstruction of justice, and/or any other applicable charge. If the cooperation is completed prior to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" pursuant to 18 U.S.C. Section 3553(e) and/or Section 5K1.1 of the advisory Sentencing Guidelines warranting a government motion at the time of sentencing recommending a downward departure from the advisory guideline range. If the cooperation is completed subsequent

8

to sentencing, the Government agrees to consider whether such cooperation qualifies as "substantial assistance" pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure warranting the filing of a motion for reduction of sentence within one year of the imposition of sentence.  In either case, the defendant understands that the determination as to whether defendant has provided "substantial assistance" rests solely with the Government. Any good faith efforts on the part of the defendant that do not substantially assist in the investigation or prosecution of another person who has committed a crime will not result in either a motion for downward departure from the advisory guideline range or a Rule 35 motion.  In addition, should the defendant fail to cooperate truthfully and completely with the Government, or if the defendant engages in any additional criminal conduct, the defendant shall not be entitled to consideration pursuant to this paragraph.

(D)    Pursuant to Section 1B1.8 of the United States Sentencing Guidelines, the Government agrees that any self-incriminating information which was previously unknown to the Government and is provided to the government by the defendant in connection with defendant's cooperation and as a result of the defendant's plea agreement to cooperate will not be used in determining the advisory guideline range.  Further, the government agrees not to bring additional charges against the defendant, with the exception of charges resulting from or related to violent criminal activity, as defined in 18 U.S.C. § 924(e)(2)(B)(i), based on any information provided by the defendant in connection with the defendant's cooperation, which information was not known to the government prior to said cooperation.  This does not restrict the government's use of information previously known or independently obtained for such purposes.

(E)    If the defendant affirmatively manifests an acceptance of responsibility as contemplated by the Sentencing Guidelines, the United States Attorney will recommend to the Court that the defendant receive a downward adjustment in the advisory guideline range.  But the decision whether the defendant will receive any sentence reduction for acceptance of responsibility rests within the Court's discretion.  The United States expressly reserves its right to furnish to the Court information, if any, showing that the defendant has not accepted responsibility, including, but not limited to, denying his involvement, giving conflicting statements as to his involvement, or engaging in additional criminal conduct including personal use of a controlled substance.

(5)

Nothing herein limits the sentencing discretion of the Court.

(6)

This agreement constitutes the entire agreement between the defendant and the United States, and no other promises or inducements have been made, directly or indirectly, by any agent of the United States, including any Assistant United States Attorney, concerning any plea to be entered in this case.  In addition, defendant states that no person has, directly or indirectly, threatened or coerced defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

(7)

As an aid to this Court, the United States Attorney and the defendant, by and through defendant's counsel, enter into the following Stipulation of Fact.  This stipulation

10

is entered into in good faith with all parties understanding that the stipulation is not binding on the Court.  Under U.S.S.G. Policy Statement Section 6B1.4(d), this Court may accept this stipulation as written or in its discretion with the aid of the Pre-Sentence Report determine the facts relevant to sentencing.

Subject to the above paragraph, the United States Attorney and the defendant stipulate and agree that the following facts are true and would be proven beyond a reasonable doubt at a trial:

HERITAGE AMUSEMENT COMPANY was incorporated in 1990 according to the Georgia Secretary of State.  It is located at 3155 Atlanta Highway, Athens, in the Middle District of Georgia.  The business of the company is the sale and rental of amusement devices including arcade games and pool tables.  HERITAGE places video gambling machines at businesses such as gas stations and convenience stores.  HERITAGE has multiple contracts with more than five of these said companies to share in the illegal cash proceeds from the machines.  The video gambling machines are a cash business.  The owners of the gas stations and convenience stores illegally payout the video poker players in cash.

The Defendant had a contract with HERITAGE from July of 2008 through June of 2010.  The contract with HERITAGE was for illegal video gambling machines to be placed in the defendant's store known as Mac's Chevron located at 507 Highway 441, Baldwin, Georgia .  At the time, the defendant co-owned Mac's with Witold Peikutowski.  Both the defendant and Peikutowski managed and supervised the contract with HERITAGE.

HERITAGE supplied up to seven (7) video gambling machines to the Mac's Chevron location.

It was agreed upon by the defendant and management of HERITAGE that they would split the illegal cash proceeds. Usually the split was seventy-five/twenty-five percent (75/25). This rate would change based upon the competitors rates.

During the two years HERITAGE and the defendant were in the illegal gambling business together the following occurred: A HERITAGE employee known as the route man came to collect the cash from the video gambling machines at the defendants' stores and the proceeds were split. The route man would prepare a collection report for government reporting purposes. The collection report would only indicate twenty-five percent (25%) of the actual illegal profits from the locations' video gambling machines. The route man also recorded the total amount of money that went in and out of each video gambling machine on a piece of paper from a standard letter size tablet. Finally the route man recorded the actual meter reading on each individual video gambling machine in a ledger book.

The defendant admits he failed to report the illegal monies he split with HERITAGE from the video gambling machines on his Federal Income Tax Returns.

(8)

## ACCEPTANCE OF PLEA AGREEMENT

Defendant understands and has fully discussed with defendant's attorney that this agreement shall become effective only upon the Court's acceptance of this agreement and the Court's acceptance of the plea of guilty by the defendant.

SO AGREED, this _2nd_ day of _March_____, 2011.

MICHAEL J. MOORE
UNITED STATES ATTORNEY

BY: _____
JENNIFER KOLMAN
ASSISTANT UNITED STATES ATTORNEY
GEORGIA BAR NO. 427930

13

I, ALAP PATEL , have read this agreement and had this agreement read to me by my attorney, JOHN CHRISTOPHER NeSMITH. I have discussed this agreement with my attorney and I fully understand it and agree to its terms.

_____
ALAP PATEL
DEFENDANT

I, JOHN CHRISTOPHER NeSMITH, attorney for defendant ALAP PATEL , have explained the information and the government's evidence received through discovery and my investigation of the charge to defendant.  I believe defendant understands the charge against defendant and the evidence that would be presented against defendant at a trial. I have read this agreement, have been given a copy of it for my file, and have explained it to defendant.  To the best of my knowledge and belief, defendant understands this agreement.

_____
JOHN CHRISTOPHER NeSMITH
ATTORNEY FOR DEFENDANT

14